# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 13, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GREGORY KINGERY,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0511**  (BOR Appeal No. 2047777)
(Claim No. 2011009080)

**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gregory Kingery, by Edwin Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Huntington Alloys Corporation, by Steven Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 25, 2013, in which the Board affirmed a September 26, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 4, 2011, decision granting Mr. Kingery a 1% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Kingery injured his right arm while swinging a sledgehammer on September 7, 2010. On September 17, 2010, the claims administrator held the claim compensable for unspecified sprain of the right elbow and forearm. Marsha Lee Bailey, M.D., performed an independent medical evaluation on January 20, 2011, and opined that Mr. Kingery sustained 1% whole person impairment as a result of range of motion abnormalities in the right elbow. The claims administrator granted Mr. Kingery a 1% permanent partial disability award based on Dr. Bailey's evaluation on February 4, 2011.

1

On June 2, 2011, Bruce Guberman, M.D., performed an independent medical evaluation. He opined that Mr. Kingery sustained 7% whole person impairment as a result of the compensable injury, and determined that Mr. Kingery sustained permanent impairment arising from range of motion abnormalities in the right elbow and a loss of grip strength in the right upper extremity. Dr. Guberman recommended that Mr. Kingery receive an additional 6% permanent partial disability award because he had already received a 1% permanent partial disability award in the instant claim.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on April 11, 2012, and also opined that Mr. Kingery sustained 1% whole person impairment as a result of range of motion abnormalities in the right elbow. He further opined that Mr. Kingery's condition has improved following the previous independent medical evaluations, and concluded that Mr. Kingery exhibits no loss of grip strength.

In its Order affirming the claims administrator's February 4, 2011, decision, the Office of Judges held that Mr. Kingery failed to demonstrate that he sustained greater than 1% whole person impairment as a result of the compensable injury. Mr. Kingery disputes this finding and asserts that he is entitled to an additional 6% permanent partial disability award, for a total award of 7%, based upon the evaluation of Dr. Guberman.

The Office of Judges found that Drs. Bailey, Guberman, and Mukkamala all determined that Mr. Kingery sustained 1% whole person impairment as a result of range of motion abnormalities in the right elbow. The Office of Judges further found that only Dr. Guberman found additional permanent impairment for loss of grip strength. The Office of Judges noted that treatment notes from 2005, which predate the injury by approximately five years, document decreased grip strength in the right upper extremity. The Office of Judges therefore determined that because the decreased grip strength predated the compensable injury, Dr. Guberman's finding that the decreased grip strength is attributable to the compensable injury is not persuasive. Finally, the Office of Judges concluded that Mr. Kingery has not demonstrated that he is entitled to a permanent partial disability award including an impairment rating for loss of grip strength. The Board of Review reached the same reasoned conclusions in its decision of April 25, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  August 13, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II